**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**IRA LEE ANDERSON, II**                                                                               **PLAINTIFF**

**V.**                      **NO. 4:11CV104-A-A**

**PRESTON MCALEXANDER, et al.**                                           **DEFENDANTS**

**MEMORANDUM OPINION**

The court, *sua sponte*, takes up the dismissal of the plaintiff's case filed under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The plaintiff, an inmate housed in Delta Correctional Facility, complains that he has been denied adequate medical treatment and denied access to the court. Specifically, the plaintiff submits that in March 2010, he broke his tooth. A few days later he began to experience problems with two other teeth. On April 5, 2010, the plaintiff was seen by a dentist. He completed a "co-pay form" agreeing to pay $6 for the treatment. After consultation, two teeth were extracted and the plaintiff was scheduled to return for extraction of the broken tooth. On April 15th, the plaintiff returns for the second procedure and is asked to complete another co-pay form. The plaintiff refused and as a result he did not receive any dental treatment. The plaintiff's complaint–that the second appointment was a "continuation in treatment" which should have been covered by the first payment; that being required to complete a second co-pay form violates Mississippi Department of Correction's policy.

Finally, the plaintiff claims that he has been denied access to the courts because on several occasions he was not provided every legal research document he requested. As relief for these perceived transgressions, the plaintiff is seeking compensatory damages, completion of his dental work, and the installation of a law library.

**Denial of Adequate Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the bare facts of this case as presented by the plaintiff, the plaintiff has not been denied medical treatment. By his own admissions, he refused treatment when he was required to complete a co-pay form at his second dental appointment. Such a scenario does not amount to a deprivation of a constitutional right.

To the extent he complains about violations of MDOC policy, his claim also fails. It is well settled that "a prison official's failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006).

## Denial of Access-to-the-Courts

To support a claim for denial of access-to-the-courts, the plaintiff must show not only a denial but also an actual injury resulting from the denial. *Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S.Ct. 2174, 135 L. Ed. 2d 606 (1996). The plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim" that he has been unable to pursue. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L .Ed. 2d 413 (2002) (quoting *Lewis*). Absent an actual injury through prejudice as a litigant in a pending litigation or inability to transmit legal documents, the plaintiff is not entitled to relief based on denial of access to the courts. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

Despite his dissatisfaction with the legal research he received, the claim is devoid of any facts or allegation of prejudice or underlying litigation which was hampered by the purported inadequate legal research. The plaintiff's claim is, therefore, dismissed for failure to state a claim upon which relief may be granted.

A final judgment shall issue in accordance with this opinion.

THIS the 25th day of October, 2011.

         /s/ Sharion Aycock
         **U.S. DISTRICT JUDGE**